BENJAMIN B. WAGNER
United States Attorney
DEANNA L. MARTINEZ
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REAL PROPERTY LOCATED AT 2663 ) <br> QUINCY AVENUE, CLOVIS, ) <br> CALIFORNIA, FRESNO COUNTY, APN: ) <br> 559-230-08s INCLUDING ALL ) <br> APPURTENANCES AND ) <br> IMPROVEMENTS THERETO, ) <br> ) <br> Defendant. ) <br> _____ ) | 1:09-CV-01573-OWW-GSA <br><br> **STIPULATION AND ORDER FOR EXPEDITED SETTLEMENT BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND LIEN HOLDER BAC HOME LOANS SERVICING, LP** |

IT IS HEREBY STIPULATED by and between plaintiff United States of America and claimant BAC Home Loans Servicing, LP (hereafter "Claimant") through their respective counsel of record, that Claimant has a valid pre-existing mortgage lien on the defendant real property described in this Stipulation, which is not contested by plaintiff.

Plaintiff United States of America and Claimant further stipulate that:

1.     Any violation of 21 U.S.C. §§ 841 *et seq*. involving the defendant real property located at 2663 Quincy Avenue, Clovis, California, Fresno County, APN: 559-230-08s, and more fully described as:

   Lot 8 of TRACT NO. 5125, according to the map thereof recorded in Book 68, Pages 29 and 30, of Plats, Fresno County Records.

APN: 559-230-08s
occurred without Claimant's knowledge and consent.

2. Plaintiff United States agrees that upon entry of a Final Judgment of Forfeiture in favor of the United States, plaintiff, through the United States Marshals Service or its agent(s), shall undertake to sell the defendant real property in a commercially reasonable manner and to sell said property for fair market value (the "Purchase Price"). The following costs and expenses of sale shall be deducted from the Purchase Price and paid directly out of escrow in the following order:

(a) First, the costs incurred by the United States Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance;

(b) Second, to the Fresno County Tax Assessor's Office for all real property taxes assessed and unpaid against the defendant real property prorated to the date of entry of the Final Judgment of Forfeiture;

(c) Third, the costs and expenses associated with the sale of the defendant real property.

(d) Fourth, any county transfer taxes.

(e) Fifth, to Claimant as the lender on the deed of trust encumbering the defendant real property, as follows:

(i) all unpaid principal due to Claimant under the Promissory Note dated April 21, 2005, in the original principal amount of $377,000.00 ("Note"), and which is secured by a Deed of Trust dated April 21, 2005, recorded April 28, 2005, as instrument number 2005-0093994, in the Official Records of Fresno County, California ("Deed of Trust"). As of December 31, 2009, the principal amount owed to Claimant pursuant to the Note was $297,752.92.

(ii) all unpaid interest due as of the date of the closing of the sale of the defendant real property at the contractual (not default) rate under the above-referenced Note and Deed of Trust until the date of payment, which, as of August 25, 2010, is $323,115.32. Interest will continue to accrue at a rate of $28.55 per diem;

(iii) all fees, costs, and advances, including but not limited to reasonable attorney fees, prepayment fees, taxes and hazard insurance as provided under the terms of the Note

1  and Deed of Trust.

3       3.     The payment to Claimant shall be in full settlement and satisfaction of any and all claims by Claimant to the defendant real property and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

6       4.     Upon payment in full as set forth in ¶ 2(e)(i)-(iii), above, Claimant agrees to reconvey its interest in the defendant real property via recordable documents and cause those to be recorded, and to release and hold harmless the United States, and any agents, servants, and employees of the United States, (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by Claimant and their agents which currently exist or which may arise as a result of the government's action against the real property.

12       5.     In the event it is determined that the proceeds from the sale of the defendant real property would be insufficient to pay Claimant in full as set forth in ¶ 2(e)(i)-(iii), above, after the disbursements described in ¶ 2 (a)-(d) above are made, the plaintiff United States agrees to release its interest in the defendant real property and consent to the exercise of Claimant's state law rights to foreclose upon its deed of trust which secures the obligation to Claimant. Plaintiff shall not enter into a binding agreement to sell the defendant real property unless the proceeds of such sale are sufficient to pay Claimant in full as set forth in ¶ 2(e)(i)-(iii), unless Claimant otherwise consents in writing.

20       6.     Claimant agrees not to pursue against the United States any other rights that it may have under the mortgage instrument, including, but not limited to, the right to initiate a foreclosure action without the consent of the United States Attorney's Office or this Court.

23       7.     Claimant agrees to notify the United States Attorney at the end of the first payment cycle in which a payment is not made under the terms specified in the security instrument and promissory note. Claimant further agrees to join any government motions for interlocutory or stipulated sale of the defendant real property if the proceeds of such sale will be sufficient to pay Claimant in full as set forth in ¶ 2(e)(i)-(iii), and agrees to either join or not oppose, as its discretion, any motions to remove occupants from the property for nonpayment of mortgage or rent, destruction

1  of property, or other just cause.

2  ///

3      8.    Claimant understands and agrees that by entering into this Stipulation regarding its interest in the defendant real property, it waives any rights to further litigate against the United States concerning its interest in the defendant real property and to petition for remission or mitigation of the forfeiture. Unless otherwise provided by this Stipulation or specifically directed by order of this Court, Claimant is hereby excused and relieved from further participation in this action.

    9.    Claimant understands and agrees that the United States reserves the right to void the expedited settlement agreement if, before payment of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lien holder is not an "innocent owner" or "bona fide purchaser" pursuant to applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the subject property. In either event, the United States shall promptly notify the mortgagee or lien holder of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465.

    10.    The parties agree to execute further documents, to the extent necessary, to convey clear title to the defendant real property to the United States and to further implement the terms of this Stipulation.

    11.    The terms of this Stipulation are contingent upon forfeiture of the defendant real property to the United States and the Court's entry of a Final Judgment of Forfeiture.

///
///
///
///
///
///
///
///
///

12. There are no other terms or conditions other than those specified within.

Dated: September 21, 2010         BENJAMIN B. WAGNER
                                  United States Attorney


                                   /s/ Deanna L. Martinez
                                  DEANNA L. MARTINEZ
                                  Assistant United States Attorney
                                  Attorney for Plaintiff


Dated: September 21, 2010         McCARTHY & HOLTHUS, LLP


                                   /s/ Andrew Hall
                                  ANDREW HALL
                                  Attorney for Claimant BAC Home Loans
                                  Servicing, LP
                                  (Original signature retained by attorney)

## ORDER

This Stipulation for Expedited Settlement is hereby APPROVED.

IT IS SO ORDERED.

**Dated:   September 22, 2010**         /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE