BENJAMIN B. WAGNER
United States Attorney
DEANNA L. MARTINEZ
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:09-CV-01573-OWW-GSA |
| Plaintiff, | **FINAL JUDGMENT OF FORFEITURE** |
| v. | |
| REAL PROPERTY LOCATED AT 2663 QUINCY AVENUE, CLOVIS, CALIFORNIA, FRESNO COUNTY, APN: 559-230-08s INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1.  This is a civil forfeiture action against certain real property located on Quincy Avenue, Fresno County, Clovis, California, APN: 559-230-08s (hereinafter referred to as the "defendant real property") and more fully described as:

> Lot 8 of TRACT NO. 5125, according to the map thereof recorded in Book 68, Pages 29 and 30, of Plats, Fresno County Records.
>
> APN: 559-230-08s

2.  A Complaint for Forfeiture *In Rem* (hereafter "Complaint") was filed on September 4, 2009, seeking the forfeiture of the defendant real property, alleging that said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

FINAL JUDGMENT OF FORFEITURE

3. By order filed September 17, 2009, Magistrate Judge Gary S. Austin authorized public notice of the action to be given one time for 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov. Publication in a manner consistent with the Court's order began on November 11, 2009, and ran at least 30 consecutive days, as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4. On October 1, 2009, the defendant real property was posted with a copy of the Complaint and Notice of Complaint.

5. In addition to public notice of the action on the internet government forfeiture site www.forfeiture.gov, the United States gave or attempted to give actual notice to the following individuals and entities:

  a. Frank Antonio Bertao
  b. Countrywide Home Loans (now BAC Home Loans Servicing, LP)
  c. Jeffrey Tyson Hammerschmidt

6. On January 13, 2010, BAC Home Loans Servicing, LP filed a verified claim and on February 2, 2010, filed its answer alleging an interest in the defendant real property.

7. The recorded owner of the defendant real property is Frank Antonio Bertao, an unmarried man.

8. No other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. Judgment is hereby entered against potential claimant Frank Antonio Bertao, and all other potential claimants.

3. The U.S. Marshals Service shall list the defendant real property for sale.

4. The U.S. Marshals Service shall have the defendant real property appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to

the defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

    5.    If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

    6.    The following costs, expenses, and distributions shall be paid in escrow from the gross sales price in the following priority and to the extend funds are available:

    (a)    The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

    (b)    Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

    (c)    A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

    (d)    The seller shall pay any county transfer taxes.

    (e)    To BAC Home Loans Servicing, LP, a sum to satisfy an indebtedness under the Deed of Trust dated April 21, 2005, and recorded in the official records of Fresno County as instrument number 2005-0093944 on April 28, 2005, in the original amount of $377,000.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by BAC Home Loans Servicing, LP up to the date of the payoff of the loan, including, but not limited to any insurance advances, tax advances, and property preservation costs. The exact amount to be paid to BAC Home Loans, LP shall be determined at time of payment.

    (f)    To the United States of America: the net proceeds from the sale of the real property. All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

///

7.      The United States shall not enter into any contract for the sale of the real property unless it first determines that a distribution of the sale proceeds pursuant to Paragraph 13(e) will result in payment in full of BAC Home Loans Servicing, LP's loan debt as provided for in Paragraph 13(e).  In order to make such determination, the U.S. Marshals Service shall obtain a current payoff statement from BAC Home Loans Servicing, LP.  If the U.S. Marshals Service determines that BAC Home Loans Servicing, LP's loan debt will not be paid in full, the United States, at its option, may either continue to find a buyer at a sale price sufficient to result in full payment of BAC Home Loans Servicing, LP's loan debt or allow Countrywide Home Loans to proceed with foreclosure of the real property.

8.      Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's *lis pendens* on September 8, 2009, and prior to the close of escrow may be paid out of escrow.  The United States may pay any such lien or encumbrance at its sole discretion.

9.      The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

10.     All loans fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real property.

11.     Each party to this stipulation shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

12.     Plaintiff United States of America and its servants, agents, and employees are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant real property with the Complaint and Notice of Complaint.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of or in any way connected with the filing of the Complaint and the posting of the defendant real property with the Complaint and Notice of Complaint.  The parties waive the provisions of California Civil Code § 1542.

13.     There was reasonable cause for the posting of the defendant real property, and the commencement and prosecution of this forfeiture action, and the Court may enter a Certificate of

FINAL JUDGMENT OF FORFEITURE                    4

Reasonable Cause pursuant to 28 U.S.C. § 2465.

14. All parties are to bear their own costs and attorneys' fees.

15. The Court shall maintain jurisdiction to enforce the terms of the Final Judgment of Forfeiture.

SO ORDERED THIS 22nd day of October, 2010.


/s/ OLIVER W. WANGER
United States District Judge


CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, and the allegations set forth in the Complaint for Forfeiture *In Rem* filed September 4, 2009, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property, and for the commencement and prosecution of this forfeiture action.


Dated: October 22, 2010                    /s/ OLIVER W. WANGER
                                           United States District Judge